**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

TERRY K. OFORI, #1165768,

        Petitioner,

v.                                                ACTION NO.    2:15cv140

HAROLD W. CLARKE,
Director, Virginia Dept. of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

      This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the reasons that follow, it is recommended that Respondent's Motion to Dismiss (ECF No. 11) be GRANTED, and the petition for writ of habeas corpus (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

**I.  STATEMENT OF THE CASE**

**A.**      **Background**

      Petitioner Terry Ofori ("Ofori") is currently in state custody serving a lengthy sentence for a conviction not disclosed in the parties' filings in this case. Following a search of Ofori's cell at the Sussex II State Prison on October 16, 2013, prison officials charged Ofori with possession of intoxicants in violation of prison regulations. At an October 22, 2013 prison disciplinary hearing attended by Ofori, a hearing officer found Ofori guilty of the charge and

imposed a penalty of 20 days in disciplinary segregation. Ofori administratively appealed this decision to the warden and the regional administrator, both of whom rejected Ofori's appeals.

On October 20, 2014, Ofori filed a *pro se* petition for a writ of habeas corpus with the Supreme Court of Virginia. In this petition, Ofori claimed: (1) the reporting officer falsely lodged the disciplinary charge against him; (2) his due process rights were violated by the rescheduling of the disciplinary hearing, by the disciplinary hearing officer's alleged failure to impartially weigh the evidence, and by the officer's denial of Ofori's requests for certain documentary evidence and for witness testimony; and (3) the disciplinary offense report and hearing violated his rights under the Virginia and United States Constitutions, the Virginia Code, and the Department of Corrections' operating procedures governing offender discipline. Ofori requested the Virginia Supreme Court vacate the disciplinary charge and conviction, and reinstate his good time credit earning classification and restore credits lost due to the change in classification. On February 10, 2015, the Virginia Supreme Court dismissed Ofori's petition, holding that his claims, "which concern an institutional proceeding resulting in loss of good conduct or sentence credit, are not cognizable in a petition for habeas corpus." *Ofori v. Pixley*, No. 1165768 at 1 (Va. Feb. 10, 2015) (citing *Carroll v. Johnson,* 278 Va. 683, 694 (2009) (habeas corpus jurisdiction does not reach "disputes which only tangentially affect an inmate's confinement, such as classification issues concerning the rate at which a prisoner earns good conduct or sentence credits")). On March 20, 2015, Ofori, who remains incarcerated at the Sussex II State Prison, submitted for filing with this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### B. Grounds Alleged

Before this Court, Ofori renews the due process and other claims presented to the Virginia Supreme Court. He asserts the reporting officer falsely charged him with possession of intoxicants (homemade wine), reportedly found in a gray footlocker in the cell Ofori shared with another inmate. Ofori denies admitting to the reporting officer that the homemade wine belonged to him, as noted in the offense report, and instead claims the seized bag contained only a mixture of soda and water and he objected to the reporting officer's request to discard it. Ofori further contends that, after having received written notice that the charge would be heard on October 23, 2013, the hearing officer improperly changed the date to October 22, 2013, using an improperly "customized" "Notice of Postponement Report" signed by Ofori on October 18, 2013, in violation of Virginia Department of Corrections Operating Procedure ("VDOC Op. Proc.") 861.1 XII(B).[1]

Ofori's petition also alleges that the hearing officer further abridged his right to due process by preventing him from obtaining and presenting evidence at the hearing and by finding him in violation without supporting evidence. Exhibits attached to Ofori's petition reveal that, prior to the hearing, he submitted: (a) two requests for documentary evidence (seeking any confiscation or other forms relating to the seizure of intoxicants and records of laboratory test results for the seized liquid substance); and (b) a witness request form seeking his cellmate's testimony at the hearing. The latter form, attached as exhibit 3 to Ofori's petition, indicates the

---

[1] The section of the operating procedure entitled "Time of Disciplinary Hearing" specifies that an offender shall be "given 24-hour notice of the hearing date unless the offender waives this right" when served with a disciplinary offense report and that, when a hearing is timely started, "but a postponement is necessary, the offender should be given written notification of the revised hearing date 24-hours before the rescheduled hearing . . . ." VDOC Op. Proc. 861.1(XII)(A)(5), 861.1(XII)(B). Operating procedure 861.1 further specifies that the forms attached thereto "will be used as designed and shall not be customized by facilities." VDOC Op. Proc. 861.1(IV)(D).

witness would testify Ofori possessed no intoxicants. ECF No. 12-3 at Exhibit C. A handwritten notation contained on the form, although barely legible, appears to recite the word "Refused." *Id.* The document requests, attached as exhibits 4 and 5 to Ofori's petition, reflect that the hearing officer denied the requests on October 18, 2013 and checked the box noting the requested information would not be obtained because it was from "an outside source," it was "restricted for security reasons," the information was not "written documentation," or was "otherwise restricted" from an offender.[2] ECF No. 12-3 at Exhibit B.

In his prayer for relief on these claims, Ofori asks this Court to: (1) vacate the disciplinary charge and his conviction; (2) "reinstate his good-time credit earning classification" back to level I from his current level IV; (3) restore the good time credits he lost due to the change in classification; and (4) grant any other appropriate relief. ECF No. 1 at Attachment at 1, 4.

On July 7, 2015, respondent Harold Clarke, Director of the Virginia Department of Corrections, responded to Ofori's petition by filing a Rule 5 answer and motion to dismiss the petition, with a supporting memorandum and exhibits, as well as a Roseboro Notice in accordance with Local Civil Rule 7(K). ECF Nos. 10-13. Respondent's motion to dismiss seeks dismissal of Ofori's petition on two grounds. First, respondent asserts that Ofori failed to timely file the petition within the one-year deadline provided by 28 U.S.C. § 2244(d)(1)(A)-(D).

---

[2]By affidavit attached to the respondent's filing, the hearing officer (C. Rodriguez) reports advising Ofori, during the October 22, 2013 hearing, that a notice of property confiscation form was not prepared because contraband is not considered to be inmate property and that the prison neither tested nor possessed the capability to test the liquid contents of the bag seized from his cell. ECF No. 12-3 at ¶ 12. The hearing officer's affidavit also indicates that Ofori's cellmate, D. Anderson, refused to make a statement on Ofori's behalf for the hearing. *Id.* In his reply to respondent's filing, Ofori contends this statement is false and includes an affidavit from the cellmate indicating he advised the hearing officer that he wanted to make a statement on Ofori's behalf, but the hearing officer neither called him to the hearing nor provided him with the written form which they discussed he should use to make his statement. ECF No. 17-1.

4

Second, and with respect to the merits, respondent seeks dismissal of Ofori's petition on the ground that no violation of Ofori's due process rights occurred.

## II. ANALYSIS

### A. Exhaustion

Before addressing the merits of the habeas petition, the Court must examine whether Ofori exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper*, 130 F.3d at 610 n.4. Ofori raised the claims noted above, or at least their essential legal theories and factual allegations, before the Virginia Supreme Court, which dismissed them in a state habeas proceeding. *Ofori*, No. 1165768 at 1. Accordingly, and as conceded by respondent, all of Ofori's claims are legally exhausted.

### B. Deference to State Court Decisions

Claims that are properly exhausted may be reviewed by this Court through the lens of deference to the Supreme Court of Virginia's decision. Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Id*. at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). Pursuant to this deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 386-89.

### C. Subject Matter Jurisdiction

In assessing whether the state court's decision was contrary to, or unreasonably applied clearly established federal law, or resulted from an unreasonable determination of the facts, the Court must first address whether Ofori's claims are cognizable in a federal habeas proceeding or should have been brought pursuant to 42 U.S.C. § 1983. Similar to Virginia Supreme Court decision noted above, the U.S. Supreme Court has indicated that federal law permits state prisoners to pursue only certain kinds of claims via a petition for a writ of habeas corpus. In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held that habeas corpus is an appropriate remedy only when "success in that action would necessarily demonstrate the

invalidity of confinement or its duration." Stated another way, "in challenges to prison procedures, 'where success in the action *would not necessarily* spell immediate or speedier release for the prisoner,' § 1983, not habeas corpus, is the appropriate remedy." *Gaskins v. Johnson*, 443 F. Supp. 2d 800, 803 (E.D. Va. 2006) (quoting *Wilkinson*, 544 U.S. at 81) (emphasis in original). To proceed pursuant to § 2254, Ofori, therefore, must show that a successful challenge to the disciplinary proceeding at issue would necessarily result in his "immediate or speedier release." *Id.*

He cannot do so for several reasons. First, success before this Court would only entitle Ofori to a new disciplinary hearing providing the due process protections he contends were denied, rather than a predetermined outcome resulting in his immediate or speedier release.

Second, Ofori neither alleges nor do any of the exhibits submitted with his or the respondent's filings show that Ofori forfeited or lost *previously earned* good time credits as a result of his disciplinary violation. *Cf. Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (holding that a challenge to allegedly unconstitutional procedures resulting in deprivation of 30 days of previously earned good time credit was not cognizable under § 1983 because the claim, if proven, necessarily implied the invalidity of the duration of the prisoner's confinement). Instead, Ofori's petition seeks relief directed towards the rate at which he earns good time credits going forward.

Third, the two, undisputed consequences resulting from Ofori's disciplinary offense were his placement in 20 days of disciplinary segregation and a later revision, in February 2014, in his good time earning classification level. ECF No. 1 at Exhibits 6, Attachment H. A Department of Corrections "Class Level Evaluation" report dated February 27, 2014, indicates that Ofori's classification changed from level I to IV at that time. *Id.* at Attachment H. The report shows

Ofori received 30 out of a possible 40 points for infractions, which included the October 16, 2013 disciplinary charge, zero out of a possible 40 points for "Re-entry plan, Annual Goals," and 13 out of 20 points for work. *Id.* This gave Ofori a total of 43 out of 100 possible points and placed him in level IV.[3] *Id.* Significantly, had Ofori not received the infraction at issue here, his point total apparently would have increased by just 10 points, only moving him into level III. Therefore, other factors appear to have played a significant role in reducing Ofori's classification level from I to IV.

In any event, the reduction of Ofori's classification level affected the rate at which he earned good time credits after the change. *See Puranda v. Johnson*, No. 3:08cv687, 2009 WL 3175629, *1 (E.D. Va. Sept. 30, 2009) (discussing VDOC Op. Proc. 830.3 VIII(B)'s listing of the rates at which prisoners earn sentencing credits based upon their classification level). Although Ofori's petition asserts that the disciplinary proceedings caused his projected release date to change from May 29, 2026 to April 7, 2031, ECF No. 1, this claim appears to be at odds with the Department of Corrections "Legal Updates" attached to his petition. The two updates, dated March 25, 2011 and March 27, 2014, respectively, show that Ofori's projected good time release dates changed from July 7, 2027 to July 13, 2029.[4] ECF 1 at Exhibits F and G. Each report also specifies, however, that the "projected dates are based on the assumption that the offender will continue to earn good time at the present earning level" and that future events, such as a "[l]oss of earned good time, a change in good time earning level, or any other event that impacts the service of the total sentence may cause the projected dates to change." *Id.*

---

[3] The classification levels corresponding to an inmate's total points are as follows: (a) level I – 85 to 100 points; (b) level II – 65 to 84 points; (c) level III – 45 to 64 points; and (d) level IV – 0 to 44 points. *Id.*

[4] Both reports also indicate Ofori is ineligible for discretionary or mandatory parole. ECF No. 1 at Exhibits F and G.

Neither Ofori's placement in administrative segregation nor the later change in the rate at which he garners future good conduct credits necessarily spelled his immediate or a speedier release. *Cf. Sandin v. Conner*, 515 U.S. 479, 487 (1995) (noting that a prisoner's confinement in disciplinary segregation would not "inevitably" affect the length of his sentence, due to the "myriad" consideration affecting Hawaii's parole determination). The change in Ofori's classification only gave rise to the possibility that, absent other future changes or disciplinary proceedings, Ofori might be released later than if he had retained a more favorable classification. The indefinite nature of this effect, if any, upon Ofori's release is not sufficient to support habeas corpus jurisdiction. As noted in *Gaskins,* even if the Court assumes a deprivation of due process occurred in the course of a disciplinary proceeding, the "mere possibility that [a petitioner] might have earned more credits qualifying him for an earlier release does not equate to a guarantee that he would have obtained a speedier release." *Gaskins,* 443 F. Supp. 2d at 804; *see Sazynski v. Clarke*, 2:10cv156, 2011 WL 586973, at *2-3 (E.D. Va. Feb. 8, 2011) (reduction in classification level "such that, going forward, [petitioner] earns [sentencing credits] at a lower rate than before" only gives rise to a "mere possibility" of earlier release and is insufficient to satisfy *Wilkinson's* standard that success on the claim would "necessarily spell immediate or speedier release"). For these reasons, Ofori's petition for habeas corpus must be denied and dismissed for lack of subject matter jurisdiction.

Although he may not proceed under 28 U.S.C. § 2254, Ofori's claims may be cognizable under 42 U.S.C. § 1983, which authorizes the filing of a civil rights law suit by one alleging that a person acting under color of state law deprived him of a right, privilege, or immunity, such as

9

the right to due process, provided by the Constitution or laws of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Due to the different filing fees ($5.00 for § 2254 versus $350.00 for § 1983), statutes of limitations, and the collateral consequences associated with filing multiple, frivolous civil rights law suits, *see* 28 U.S.C. §§ 1914, 1915(b)(1), 1915(g), however, the Court will not simply reclassify and treat Ofori's petition as a civil rights law suit brought pursuant to § 1983.

Nor does it appear that doing so would benefit Ofori, as courts assessing due process claims have regularly decided prisoners do not have a protected liberty interest in a particular classification level, with respect to earning future good time credits. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (prisoners do not have a constitutionally recognized liberty interest in a particular security classification); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir.1994) (the "federal Constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as challenged conditions or the degree of confinement . . . is within sentence imposed . . . and is not otherwise violative of Constitution'") (citations omitted); *Syndor v. Mahon*, No. 3:10cv780, 2012 WL 604039, at *4 (E.D. Va. Feb. 2012) ("it is well established that Virginia inmates do not enjoy a protected liberty interest in the rate at which they earn" good conduct credits in the future) (citing *Sazynski,* 2011 WL 586793, at *3); *see also Puranda*, 2009 WL 3175629, at *5 (same); *Martin v. Johnson*, No. 7:08-cv-00249, 2008 WL 957869, at *4 (W.D. Va. Apr. 8, 2008) (same); *Gaskins*, 443 F. Supp. 2d at 805 (same); *DeBlasio v. Johnson*, 128 F. Supp. 2d 315, 329-30 (E.D. Va. 2000) (same);. Accordingly, any such § 1983 claim predicated upon the facts set forth in Ofori's petition would likely face summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1). Although Ofori may elect to pursue such a remedy, the decision to do so rests with him.

### III.  RECOMMENDATION

Based upon the foregoing, and FINDING no indication from the record that the Virginia Supreme Court's adjudication on the merits was clearly contrary to, or involved an unreasonable application of, clearly established federal law, or that its decision resulted from an unreasonable determination of the facts, the Court RECOMMENDS that respondent's motion to dismiss (ECF No. 11) be GRANTED, for the reasons stated herein, and that Ofori's petition for writ of habeas corpus be DENIED and DISMISSED WITHOUT PREJUDICE to the pursuit of such claims pursuant to 42 U.S.C. § 1983.

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2.  A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                                                                   _____/s/_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
September 29, 2015